## DANIEL H. CUSACK

*v.*

## IDA BUDASZ *et al.*

*Opinion filed October 19, 1900.*

1. SPECIFIC PERFORMANCE—*when alleged uncertainty of contract is removed.* Alleged uncertainties in a contract for the exchange of properties will be regarded as removed, on appeal, in the absence of a certificate of evidence, where the matters complained of are sufficiently set out in the bill, and the court, after hearing evidence, has found in its decree that the allegations are true.

2. PRACTICE—*when reference to the master to state account is unnecessary.* Where the ascertainment of the amount due under a contract for the exchange of properties is a simple matter it is not necessary to refer the cause to the master to state the account.

3. JUDGMENTS AND DECREES—*when direction by decree as to payment of money is not ground for reversal.* That a decree for specific performance orders the defendant to pay the amount found due from him, together with the costs, to one of complainants' solicitors, who in turn is directed to pay the costs to the proper officers, pay the solicitors' fees and turn the balance over to complainants, is not ground for reversal at the instance of the defendant.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. H. V. FREEMAN, Judge, presiding.

BEAUREGARD F. MOSELY, (SAMUEL B. KING, of counsel,) for plaintiff in error.

JOHN J. ARNEY, and LEONARD FISKE, (VINCENT G. GALLAGHER, of counsel,) for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiff in error, Cusack, sued out this writ to reverse a decree for the specific performance of a contract to convey real estate.

There is no certificate of evidence in the record, but Cusack insists that the record shows error, and is on its face insufficient to support the decree. Six grounds of error are alleged: (1) Uncertainty in the contract, in

that it failed to specify either the numbers or amounts of the mortgages which Cusack was to assume, and to identify the Waukesha property by any description so it might be located without extrinsic evidence; (2) that it was error for the court to take the account without a reference to the master; (3) that defendant in error Ida Budasz was not a party to the contract, and that it was error to grant her relief upon it; (4) that it was error to direct Cusack to convey by deed of warranty when it was not so provided by the contract; (5) that it was error to decree that Cusack pay the costs and the balance found due to the complainants, to Leonard Fiske, one of the complainants' counsel, who was not a party to the suit.

The only written evidence of the contract set out was the following offer of Cusack, which the complainants accepted, viz.:

"CHICAGO, ILL., *12/8/1896.*
"*W. Budasz, Esq., City:*

"DEAR SIR—I will assume mortgages, give you house and lot in Waukesha and $500 (five hundred dollars) cash for your property at 7031 and 7033 S. Sangamon st., city. This is the best I can do. If you are satisfied with this offer, call and let me know.          "Yours truly,          D. H. CUSACK."

But from the allegations of the bill, the admissions of the answer and the findings of the decree it appears that the terms of the contract were specifically agreed upon. There were two mortgages on complainants' property, and they were sufficiently described in the bill as the mortgages which Cusack agreed to assume, and inasmuch as the court heard the evidence, and the decree finds that the allegations of the bill, the amendment and the amended bill are true, the alleged uncertainty is removed. It must be presumed that the court heard competent and sufficient proof upon which to base the finding. The same is true as to the description and identity of the property in Waukesha. Inasmuch as the complainants performed the contract on their part and conveyed their property mentioned in the contract to Cusack, and Cusack

went into possession of it, improved and retained it, no reason is perceived why the contract should not be specifically enforced against him, even if it rested only in parol. Plaintiff in error did not set up the Statute of Frauds and does not rely upon it here. *Fowler* v. *Redican,* 52 Ill. 405.

Nor do we consider that such an accounting was required as to make it erroneous, under the decisions of this court, for the chancellor to hear the witnesses himself instead of referring the cause to the master. The ascertainment of the balance due from Cusack to the complainants upon the contract for exchange of properties was an exceedingly simple matter after the evidence was heard as to the terms of the contract. No reference was necessary. *City of Belleville* v. *Citizens' Horse Railway Co.* 152 Ill. 171.

Nor was it error to award relief to the complainant Ida Budasz, as contended. While she was not named in the written offer of Cusack, the bill alleged that she owned the property therein mentioned and that she joined in the contract of exchange sought to be enforced. The answer admitted that she was a party to the contract, as alleged.

As to point 4 made by plaintiff in error, we cannot say, in the absence of the evidence from the record, that it was error to decree that Cusack convey to complainants the Waukesha property by deed of warranty. The pleadings show that he required and received from the complainants such a deed for their property exchanged for the Waukesha property, and we cannot say that the chancellor was not warranted in finding that the complainants were entitled to a like conveyance of the property to be conveyed to them.

Nor should the decree be reversed at the instance of Cusack because it ordered the amount found due the complainants from Cusack, and the clerk's and sheriff's fees, to be paid to Fiske, complainants' solicitor in the cause,

and that Fiske first pay such costs to the proper officers, and next the solicitors' fees, and the balance to the complainants. We are unable to see how Cusack was injured by such an order.

Finding no error in the record the decree will be affirmed.

*Decree affirmed.*